THE BANK OF BRITISH NORTH AMERICA, Respondent, *v.* THE MERCHANTS' NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

On March 9, 1870, plaintiff, who had a deposit account with defendant, drew its check payable to the order of H. On the same day the check was certified by defendant's teller. On the next day it was presented by some person other than H., with her indorsement forged thereon, and was paid by defendant and the amount thereof charged to plaintiff. On March 17, 1870, in accordance with the usual course of dealing between the parties, plaintiff's pass-book was written up, balanced and returned; it contained the charge of the check, which was also delivered up as a voucher. Plaintiff had no notice or knowledge of the forgery until January, 1877; in June thereafter, it tendered the check and demanded

of defendant payment of the amount thereof, and brought this action to recover the same in November, 1877. *Held,* that the action was not barred by the statute of limitations; that the certification did not make the check due without demand ; that the payment upon the forged indorsement discharged no part of defendant's indebtedness ; that plaintiff lost none of its rights by receiving, under a mistake as to the facts, the check as one properly paid and charged to its account, and when it discovered the mistake, had the right to repudiate the charge, return the check and claim payment.

(Argued December 11, 1882 ; decided January 16, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 8, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 16 J. & S. 1.)

The nature of the action and the material facts are stated in the opinion.

*John E. Burrill* for appellant. The plaintiff had a perfect remedy at law to recover from the defendant the amount of the check, which had been improperly paid by defendant, and wrongfully charged against the plaintiff. (*Welsh* v. *Germ. Am. Bk.,* 73 N. Y. 424; *S. C.,* 1 Duer, 434.) In such action, the account stated would not have been a bar, or interfered with the recovery ; it would only have been *prima facie* evidence, and could have been overthrown by evidence, and its only effect was to cast the *onus* on the plaintiff of showing its incorrectness. (*Lockwood* v. *Thorne,* 11 N. Y. 170 ; *S. C.,* 18 id. 287 ; *Welsh* v. *Germ. Am. Bank,* 73 id. 423.) As there was a perfect remedy at law, plaintiff could not resort to equity for the purpose of evading the statute applicable to legal actions, or obtaining the benefit of the statute applicable to equitable actions. (*Murray* v. *Coster,* 20 Johns. 576, 585 ; *Bible Society* v. *Helard,* 51 Barb. 552 ; *Smith* v. *Remington,* 42 id. 75 ; *Rundle* v. *Allison,* 34 N. Y. 180 ; *Kane* v. *Bloodgood,* 7 Johns. Ch. 90 ; *Bk. of U. S.* v. *Daniel,* 12 Pet. 32.) A perfect cause of action accrued to the plaintiff on the 9th of March, 1870, when the check in question was accepted and paid by

defendant, charged to the plaintiff in its account, notice thereof given to the plaintiff, and the check and pass-book balanced, were returned to the plaintiff. (*Kingman* v. *Hotaling*, 25 Wend. 423 ; *Parmenter* v. *Simonds*, 2 Bro. P. C. 43, 47 ; Chitty on Bills, marg. paging 515, 392, 28 ; *Carroll* v. *Cone*, 40 Barb. 220 ; *Baker* v. *Kenworthy*, 42 N. Y. 216 ; *Pratt* v. *Foote*, 9 id. 463 ; *S. C.*, 10 id. 599.) Ignorance on the part of the plaintiff of the facts which established the incorrectness of the charge is immaterial. The right of action had arisen. (*Union Bk.* v. *Knapp*, 3 Pick. 96.) The charge against the plaintiff by the defendant in the account rendered created a cause of action, and a demand was unnecessary. (*Union Bk.* v. *Knapp*, 3 Pick. 96.) When a demand is, under the circumstances, nugatory, even though it is an ingredient of a right of action, none need be made. (*McBride* v. *Farmers' Bk.*, 26 N. Y. 450 ; *Howard* v. *France*, 43 id. 593 ; *Bk. of Missouri* v. *Benoist*, 10 Mo. 521 ; *Watson* v. *Phœnix Bk.*, 8 Metc. 217 ; *Farmers' Bk.* v. *Planters' Bk.*, 10 G. & J. 422 ; *Carr* v. *Thompson*, 25 Alb. L. J. 92.) If a cause of action accrued to the plaintiff, as claimed by defendant, the statute of limitations began to run from that time, and when it began to run it could not be arrested or defeated by a new demand. (*Kelsey* v. *Griswold*, 6 Barb. 436 ; *Stafford* v. *Richardson*, 15 Wend. 302 ; *Allen* v. *Mille*, 17 id. 202 ; *Troup* v. *Smith*, 20 Johns. 33 ; *Argall* v. *Bryant*, 1 Sandf. 98 ; *Wood* v. *Carpenter*, 101 U. S. 135 ; *Taylor* v. *S. & N. A. R. R. Co.*, 13 Fed. Rep. 152.) In a case where, by reason of delay, the bank has lost its remedy, a depositor owes a duty to the bank to examine the account rendered and the vouchers. (*Thomson* v. *Bank*, 82 N. Y. 1–6.)

*Jno. E. Parsons* for respondent. The defendant was liable to pay the deposit to the plaintiff or to its order upon demand, but for the amount of the deposit an action could not be maintained until proper demand and refusal by the defendant. (*Howell* v. *Adams*, 68 N. Y. 314 ; *Bank of Fort Edward* v. *Washington Co. Nat. B'k*, 5 Hun, 605 ; *Boughton* v. *Flint*,

74 N. Y. 476; *Phelps* v. *Bostwick*, 22 Barb. 314; *Girard B'k* v. *Bank of Penn. Township*, 39 Penn. St. 92.) No benefit resulted to the defendant from the fact that the plaintiff did not object to the charge of the check in its pass-book. The plaintiff had the right to rely upon the genuineness of Mrs. Halpine's indorsement. (*Welsh* v. *German Am. B'k*, 73 N. Y. 424.) The claim that the payment on the forged indorsement constituted a conversion of money of the plaintiff and so started the running of the statute is preposterous. (*Matter of Franklin B'k*, 1 Paige, 249; *Marsh* v. *Oneida Cent. B'k*, 34 Barb. 298; *Foley* v. *Hill*, 2 C. & F. 28; *Chapman* v. *White*, 6 N. Y. 412; *Commercial Bank of Albany* v. *Hughs*, 17 Wend. 94; *Graves* v. *Dudley*, 20 N. Y. 76; Story on Bailments, § 88; *Marine B'k* v. *Fulton B'k*, 2 Wall. 252; *Bank of the Republic* v. *Millard*, 10 id. 152; *Ætna Nat. B'k* v. *Fourth Nat. B'k*, 46 N. Y. 82; *Keene* v. *Collier*, 1 Metc. [Ky.] 415.) The statute would not begin to run till the discovery of the mistake. (Brown on Limitations, 517; *Brooksbank* v. *Smith*, 2 Y. & C. Exch. Chamber, 58; *Demys* v. *Schuckburg*, 4 Y. & C. 53; *McIntyre* v. *Warren*, 3 Abb. Ct. of App. Dec. 99.) Plaintiff was liable to its depositor for the amount of the check. (*Thomson* v. *Bank of British N. A.*, 82 N. Y. 1.)

EARL, J. This action was brought to recover of the defendant an amount of money claimed to be due from it to the plaintiff on account of the following facts: On the 9th day of March, 1870, the plaintiff had with the defendant a deposit account, upon which was due the plaintiff more than $17,500, and on that day the plaintiff drew a check on the defendant for that sum, payable to the order of Mrs. Halpine. That check was on the same day certified to be good by the teller of the defendant. It does not appear for whom or upon whose request the certification was made. On the next day the check, with the forged indorsement of Mrs. Halpine thereon, was presented to the defendant for payment, and by it paid to some person other than Mrs. Halpine, and the amount thereof was then charged to the plaintiff in the books of the defendant.

According to the usual course of dealing between the parties, the pass-book containing the entries of the deposits made by the plaintiff with the defendant, and of the payments made by the defendant on account thereof, was written up and returned to the plaintiff every fortnight, together with the checks or other vouchers for the payment of the moneys so entered in the book as paid. On the 17th day of March, 1870, in accordance with such course of dealing, the pass-book containing the charge of the check for $17,500, was balanced and returned to the plaintiff, together with the check as a voucher for such charge. The account between the parties has at all times since the date of the check continued and still exists. The plaintiff had no notice or knowledge that the signature of Mrs. Halpine on the back of the check was claimed to have been forged until on or about the 24th day of January, 1877, and thereafter, on the 26th day of May, it notified the defendant thereof, and still later further notified the defendant that suit had been commenced against it for the recovery of the amount of the check, upon the allegation that Mrs. Halpine's indorsement thereof had been forged. On the 20th day of June, 1877, the plaintiff demanded of the defendant the payment of the amount of the check and tendered the check to it, and it refused payment. This action was commenced on the 7th day of November, 1877.

Upon the trial the only defense relied upon by the defendant, so far as the record now before us discloses, was the statute of limitations, and that defense was overruled by the court.

We are of opinion that the plaintiff's cause of action was not barred by the statute of limitations. The defendant had no specific moneys of the plaintiff in its possession, but became a debtor to the plaintiff for all moneys deposited with it by the plaintiff. The law is settled beyond dispute that the debt on account of the moneys so deposited does not become due until demand actually made, and that a depositor has no cause of action for such debt until after actual demand.

In this case the certification did not make the check due without demand. Such a certification simply binds the drawee bank to have and hold sufficient funds to pay the check to one

lawfully demanding payment. In other respects it still remains a depositary liable to pay only upon demand. It would be a very inconvenient rule, subversive, it is believed, of the usage and contrary to the understanding of bankers, to hold that all certified checks were due and could be sued upon without demand.

The mere drawing of the check was not a demand. By the check the plaintiff authorized Mrs. Halpine, or some person taking the check from or under her, to make the demand. Here Mrs. Halpine never made any demand of the defendant, and no person in her behalf made any demand, and the plaintiff first demanded payment on the 20th day of June, 1877.

When the defendant paid the check upon the forged indorsement, it paid its own money, and discharged no part of its indebtedness to the plaintiff. It still remained indebted to the plaintiff for the sum of $17,500; and the plaintiff lost none of its rights by receiving, under a mistake as to the facts, the check as one properly paid and charged to its account by the defendant. When it discovered the mistake it had the right to repudiate the charge, return the check and claim payment of the sum really unpaid to it or upon its order. The defendant was bound to see to it at its peril that the indorsement of Mrs. Halpine was genuine; that it paid the check to one entitled to the payment thereof; and that it got good title to the check as a voucher, and the loss, as between it and the plaintiff, for a wrongful payment, must fall upon it.

These views are abundantly sustained by authority. (*Weisser* v. *Denison, President, etc.*, 10 N. Y. 68; *Howell* v. *Adams*, 68 id. 314; *Welsh* v. *German Am. B'k*, 73 id. 424; 29 Am. Rep. 175; *Thomson* v. *B'k of British North Am.*, 82 N. Y. 1.)

The judgment should be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Judgment affirmed.