(110 App. Div. 236.)

KEARNY v. METROPOLITAN TRUST CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. BANKS AND BANKING—RELATION TO DEPOSITOR—PAYMENTS ON FORGED INDORSEMENTS.

The relation between a bank and its depositor is that of debtor and creditor, and the bank is under an implied contract to disburse the money standing to the depositor's credit only upon his order and in conformity with his directions, and makes payments upon forged indorsements at its peril, in the absence of some ground of estoppel or negligent act on the part of the depositor.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Banks and Banking, § 440.]

2. SAME—ACTIONS AGAINST BANK—LOSS TO DEPOSITOR.

Plaintiff gave his note to his assignor and received in exchange therefor the latter's check on defendant bank, payable to a third person. The third person did not use the check; but it was unauthorizedly indorsed in his name, and the bank paid it in reliance on the forged indorsement. The plaintiff's assignor assigned to plaintiff his claim against defendant for wrongfully paying the check, and plaintiff brought suit thereon. *Held*, that a contention that plaintiff's assignor had sustained no loss by reason of defendant's act, and that consequently plaintiff was not entitled to maintain the action, was without merit.

3. SAME—RETURN OF CHECKS—ASSUMPTIONS BY DEPOSITOR.

Where a bank returns a check to a depositor as evidence of a payment made by his direction, the depositor may assume that the bank has ascertained that the indorsements on the check are genuine and that no unauthorized payment has been made.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Banks and Banking, §§ 442–444.]

4. SAME—NEGLIGENCE OF DEPOSITOR—EFFECT AS ESTOPPEL.

Any negligence of a depositor in not discovering that an indorsement on a check returned to him by the bank was forged was not prejudical to

the bank, and did not estop the depositor to repudiate the payment made by the bank on the forged indorsement, where it appeared that the bank paid the check a little over a month after it was drawn and several months before it was returned to the depositor, and made the payment in reliance upon a guaranty of indorsements made by another bank.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Banks and Banking, §§ 447, 448.]

5. SAME—ACTION AGAINST BANK—DEFENSES—DELAY.

Delay in suing a bank for paying a check on a forged indorsement until after the death of the person probably guilty of the forgery was no defense to the action, where the forgery was concealed from plaintiff until near the time of the death of such person.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Banks and Banking, §§ 442–444.]

6. SAME—TENDER OF FORGED CHECK—SUFFICIENCY.

Defendant bank, in reliance on a forged indorsement, cashed a check drawn by plaintiff's assignor. Plaintiff's attorney took the check to defendant's executive officer, showed it to him, and told him that he wanted reimbursement. The officer, without raising any objection on the question of tender, referred plaintiff's attorney to defendant's counsel, who wrote a letter denying liability and refusing payment. *Held*, that there was a sufficient tender of the check to enable plaintiff to sue the bank.

Appeal from Trial Term, New York County.

Action by John B. Kearny against the Metropolitan Trust Company of the City of New York. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Charles E. Rushmore, for appellant.

Howard R. Bayne, for respondent.

McLAUGHLIN, J. In March, 1899, the plaintiff had certain negotiations with one Grow, who represented himself to be the attorney for one Amasa Clarke, one of the executors of the Sturtevant estate. These negotiations finally resulted in an agreement between Grow and the plaintiff, in which the former, representing himself attorney "for the executors of the Sturtevant estates for the sale of the Sturtevant Hotel in the city of New York," agreed to sell to the latter the Sturtevant Hotel with certain personal property for $1,500,000, of which $2,500 was to be paid at the execution of the agreement and the balance in 60 days thereafter, when title to the property contracted to be sold was to pass. On the day the agreement was signed plaintiff borrowed from one Cunningham $3,000, for which he gave his promissory note. The money borrowed was paid by two checks, one for $500, payable to the plaintiff's order, and the other for $2,500, to the order of "Amasa Clarke, Extr.," which, at plaintiff's direction, was delivered to Grow. The $2,500 check was, on that day or the day following, sent by Grow to Clarke at Boston, Mass. Upon its receipt, Clarke returned the same to Grow. Just why does not appear; but upon the trial Clarke testified, and his testimony was uncontradicted, that Grow never acted as his attorney, never was authorized to sell the Sturtevant House property or enter

into any contract for that purpose, and that he never knew he made such a contract until some time in 1902, when plaintiff sought to obtain from him the amount of the check. After the check had been returned by Clarke to Grow he delivered it (bearing the indorsements "Amasa Clarke Extr." and his own) to one Risley, whom he requested to advance the money thereon, which he did, after having the check certified by the defendant. The check was subsequently paid by the Irving National Bank, and on the 6th of May following paid by the defendant through the clearing house. The indorsement "Amasa Clarke, Extr." was a forgery, and the plaintiff, as the assignee of Cunningham, brought this action to recover the amount of the check, upon the ground that the same was not paid to the order of the payee therein named. At the conclusion of the trial the court directed a verdict for the plaintiff for the full amount claimed, together with interest, and from the judgment entered thereon, as well as from an order denying a motion for a new trial, defendant has appealed.

The relation existing between a bank and a depositor is that of debtor and creditor, from which relation there is implied a contract on the part of the bank to disburse the moneys standing to the depositor's credit only upon his order and in conformity with his directions; and a payment cannot be charged against the depositor's account unless he has actually directed such payment to be made. Critten v. Chemical National Bank, 171 N. Y. 219, 63 N. E. 969, 57 L. R. A. 529. Payments made upon forged indorsements are at the peril of the bank, unless it can claim protection upon some principle of estoppel or by reason of some negligent act chargeable to the depositor. Shipman v. Nat. Bank S. of N. Y., 126 N. Y. 318, 27 N. E. 371, 12 L. R. A. 791, 22 Am. St. Rep. 821. This follows from the implied contract which exists between a bank and a depositor. The drawer of a check is not presumed to know, and as a matter of fact seldom does known, the signature of the payee. The bank has the opportunity to ascertain whether or not an indorsement is genuine, and if it does not do so before making the payment, then, if the indorsement is not genuine, it must stand the loss.

But it is urged that, inasmuch as plaintiff sues as the assignee of Cunningham, he has failed to establish a cause of action, because Cunningham has sustained no loss. I am unable to see the force of this claim, nor do I think it follows that Cunningham, because he holds the promissory note of Kearny, has sustained no loss. Upon receiving the check in question and the other one for $500, it is true, plaintiff gave his promissory note for the amount represented thereby, which has not been paid. Plaintiff is obligated to pay it, and if he does not get the benefit of the check for $2,500, then there has been a failure of consideration for the note to this extent. Even if the checks were taken by the plaintiff as and for cash, that circumstance does not relieve Cunningham from his legal obligation as drawer, and while it may be conceded that he has done his duty, and it is through no fault of his that Kearny did not get his money, if the check were collected upon a forged indorsement, that does not furnish a sufficient reason why the loss should remain upon Kearny,

instead of upon Cunningham. The check was received as a consideration for the note only in consideration of Cunningham's legal obligation as drawer and of Kearny's right as holder, which included the right of recourse to Cunningham if, upon proper indorsement and due demand, the check should not be paid by the drawee. Shepard & Morse Lumber Co. v. Eldridge, 171 Mass. 516, 51 N. E. 9, 41 L. R. A. 617, 68 Am. St. Rep. 446. In Thomson v. Bank of British North America, 82 N. Y. 1, it was held that where a debtor pays his creditor by a check to the order of his creditor or one designated by the latter, and the check is lost by or fraudulently obtained from the creditor and is paid to the finder or fraudulent holder on a forged indorsement of the payee, the debtor is not discharged, and may be again called upon to pay the debt "unless in some very special case (if such a case can be supposed), where the check was taken in absolute payment and extinguishment of the debt.

It is also urged that the recovery cannot be sustained because Cunningham was guilty of negligence in not discovering the forgery when the check was returned to him. The check was returned on the 6th of October, 1899. Just how he could then have ascertained that the indorsement of Clarke was a forgery is not suggested, nor were any facts presented from which the jury would have been justified in finding that he could have ascertained that fact until the plaintiff was informed by Clarke that he had never used the check. When a bank returns a check to a depositor as evidence of payment made by his direction, the depositor has a right to assume that the bank has ascertained the indorsements thereon to be genuine and that no payments have been made, except such as are authorized. Shipman v. Bank of S. of N. Y., supra. But, even if it be conceded that he were negligent in the respect, it does not aid the appellant, because it does not appear that the bank was injured in any way by it. If it were injured, then it was for the defendant to show it, and it not only failed to do so, but the evidence establishes that it paid the check on the 6th of May, 1899, a little over a month after it was drawn and several months before it was returned to Cunningham. Not only this, but it seems, from the position which it took when plaintiff made his claim, that the payment was made upon the strength of the indorsement of the Irving National Bank, a prior indorser, and which guarantied, so far as defendant was concerned, all indorsemnets then thereon. This is apparent from its refusal to pay unless the Irving National Bank would agree to reimburse it.

Stress is also laid upon the fact that the action was not commenced until after the death of Grow, which occurred in 1902, But in this connection it should be borne in mind that the testimony tended to show that the plaintiff did not discover until about this time that the indorsement of Clarke was a forgery; that he had been informed by Grow that Clarke was in Europe, and he had put him off from time to time with one excuse and another until near Grow's death, when the plaintiff finally had an interview with Clarke, and then ascertained for the first time that he had never used the check, and the indorsement of his name thereon was a forgery..

Finally, it is urged that the action cannot be maintained because

there was a failure to tender the check to the defendant before the commencement of the action. It appeared that the attorney for the plaintiff took the check to an executive officer of the defendant, showed it to him, and told him what he wanted; that this officer, without raising any objection whatever on the subject of the tender, referred the attorney to the defendant's counsel, and from this I think a tender can be inferred. Lawrence v. Miller, 86 N. Y. 131. This certainly, taken in connection with the letter from the defendant's counsel to the effect that the defendant refused to pay the claim unless the Irving National Bank would agree to reimburse it, which it had not done, was sufficient. The defendant denied liability, payment of the amount claimed was refused, and therefore any further tender than that which was made was waived. Baumann v. Pinckney, 118 N. Y. 604, 23 N. E. 916; Currie v. White, 45 N. Y. 822.

The judgment is right, and it and the order appealed from should be affirmed, with costs. All concur.