HENTZ et al. v. NATIONAL CITY BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  December 31, 1913.)

1. BANKS AND BANKING (§ 155*)—CHECKS—PAYMENT.

Under Negotiable Instrument Law (Consol. Laws 1909, c. 38) § 325, providing that a check does not operate as an assignment of any part of the funds to the credit of the drawer, and the bank is not liable to the holder unless it accepts or certifies the check, the payee of a check which has not been accepted by the bank on which it is drawn may not maintain an action against the bank, though the maker has on deposit sufficient funds.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 536–538; Dec. Dig. § 155.*]

2. BANKS AND BANKING (§ 155*) — CHECKS — PAYMENT THROUGH CLEARING HOUSE.

Where a bank receiving a check for collection presented it to the bank on which it was drawn for payment through the clearing house, and after the check had been paid it was taken by the bank on which it was drawn to its banking house and retained for a time and then returned it to the bank receiving it for collection on the ground that the maker had made an assignment, and the bank receiving it for collection, acting according to custom prevailing among clearing house banks, repaid the amount of the check to the bank on which it was drawn, the presentation and acceptance through the clearing house did not bind the bank on which the check was drawn, and the payee could not maintain an action against it, though the maker had funds on deposit.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 536–538; Dec. Dig. § 155.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Henry Hentz and others against the National City Bank of New York. From an order overruling a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, defendant appeals. Reversed, and demurrer sustained, with leave to serve amended complaint on condition.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, and DOWLING, JJ.

John A. Garver, of New York City, for appellant.
Phelan Beale, of New York City, for respondents.

McLAUGHLIN, J. The defendant appeals from an order overruling its demurrer to two alleged causes of action on the ground that a cause of action was not stated in either. The complaint alleges that on the 18th of January, 1910, Lathrop, Haskins & Co. had on deposit with the defendant a sum in excess of $25,000; that on that day they drew their check for $25,000 payable to the order of the plaintiffs, to whom the same was delivered; that the plaintiffs indorsed the check and deposited it with the Mechanics' National Bank, which, on the 19th of January, presented it to the defendant for payment through the New York Clearing House; that at the time the check was presented Lathrop, Haskins & Co. had a credit with the defendant of $54,319.98; that after the check had been paid through the clearing house it was taken by the defendant to its banking house, and there remained until 2 o'clock on that day, when it was returned to the Mechanics' National Bank on the ground that the maker had made an assignment; that the Mechanics' National Bank thereupon, acting in pursuance of the universal custom prevailing among clearing house banks in the city of New York, immediately repaid the amount of the check to the defendant, leaving the matter of the merits of the claim to be thereafter adjusted. The complaint further alleges that, after the check was received from the clearing house, the defendant continued to receive deposits from Lathrop, Haskins & Co., and to accept and pay their checks until such firm made a general assignment for the benefit of creditors, which occurred about 12:30 o'clock on that day; that the deposits received from such firm on the 19th, prior to the general assignment, amounted to $491,845.80, which, with the balance remaining to its credit the night before, made a total of $546,165.-78, against which defendant had paid or certified checks presented directly to it, to the amount of $525,963.47, which left a balance of only $20,202.31 to pay the check in question.

[1] I am of the opinion that the judgment appealed from should be reversed and the demurrer sustained. The payee of a check which has not been accepted by the bank upon which it is drawn cannot maintain an action against the bank, even though the maker has on deposit sufficient funds to pay it. Negotiable Instrument Law (Consol. Laws 1909, c. 38) § 325.

[2] The defendant therefore is not liable to the plaintiff upon the check in question unless it be held that its presentation and acceptance through the clearing house is sufficient to bind it. It is not alleged,

nor was it claimed upon the argument of the appeal, that the defendant paid any of the other checks of Lathrop, Haskins & Co. received from the clearing house on the 19th. I do not think what occurred at the clearing house in any way obligated the defendant to pay the amount of the check. The New York Clearing House is a voluntary association of banking institutions, having for its object the common exchange of checks, drafts, or other obligations payable on demand, held by each member of the association against every other member, and a settlement of the differences. The rules of the clearing house are not set out in the complaint, and while it is possible we might take judicial notice of them (Agawam Bank v. Strever, 18 N. Y. 502; Merchants' National Bank v. Hall, 83 N. Y. 338, 38 Am. Rep. 434; Hutchinson v. Manhattan Co., 150 N. Y. 250, 44 N. E. 775; Louisville Trust Co. v. Louisville Ry. Co., 174 U. S. 683, 19 Sup. Ct. 827, 43 L. Ed. 1130), nevertheless it is unnecessary to go to that extent, because the learned counsel for the respondent conceded upon the argument that we might do so, since the decision of the question involved was desired upon the merits rather than upon a technicality.

Taking into consideration the rules of the clearing house, which, so far as affects the question here presented, are set forth in Mt. Morris Bank v. Twenty-Third Ward Bank, 172 N. Y. 244, 64 N. E. 810, and Citizens' Central National Bank v. New Amsterdam National Bank, 128 App. Div. 554, 112 N. Y. Supp. 973, affirmed 198 N. Y. 520, 92 N. E. 1080, it at once becomes apparent, as it seems to me, that the conclusion reached by the court at Special Term is erroneous. A payment through the clearing house and a payment over the counters of a bank upon which a check is drawn are entirely different. The clearing house is simply a representative of all the banks who are members of it. Its purpose is to enable these banks to go to the clearing house each day and there present checks drawn on other clearing house banks received the day before and receive from the clearing house checks drawn on the presenting bank which have been sent in by some other member. The clearing house then balances the checks sent by a bank against those sent to it, and later in the day a bank either pays or receives the balance due to or owing by it; in other words, it is an adjustment of balances, solely for the convenience of the banks who are members of the association. It is in no sense a payment binding upon the bank upon which it is drawn, so far as the payee named therein is concerned, since under one of the rules of the clearing house association a check or draft thus received may be returned to the bank from which it is received at any time that day before 3 o'clock in the afternoon.

The payment of a clearing house balance is not a payment of any particular check and does not become so until the time within which the check may be returned has expired. Daniel on Negotiable Instruments, § 1622a; Stuyvesant Bank v. National Mechanics' Banking Ass'n, 7 Lans. 197; Merchants' National Bank v. Bank of the Commonwealth, 139 Mass. 513, 2 N. E. 89. This would seem to follow from the necessity of each case, because a bank upon which a check is drawn has no opportunity to examine it until after it has been re-

ceived from the clearing house. Among the checks presented at the clearing house may be forged checks, checks drawn against insufficient funds, and checks upon which payment has been stopped; but, irrespective of their validity, all of them must, in making payment through the clearing house, be charged against the bank upon which they are drawn in order to ascertain and adjust the balance; and, if a check be thus paid, then the bank can protect itself under the rules by returning it to the bank from which it was received, within the time specified. This is precisely what the defendant did.

Columbia-Knickerbocker Trust Co. v. Miller, 156 App. Div. 810, 142 N. Y. Supp. 440, recently decided by this court, is, as it seems to me, decisive of the question here presented. There, a check was drawn by Lathrop, Haskins & Co. on the same day as the one in question. It was payable to the order of one Miller. He deposited it with the Columbia-Knickerbocker Trust Company, which, in turn, presented it to this defendant National City Bank, through the New York Clearing House on January 19th. After its receipt from the clearing house, it was returned by the National City Bank in the same way as the check here, and the same was repaid by the trust company. In the meantime the trust company had given Miller credit for the amount of it, but he refused to pay back the money which he had received, whereupon an action was brought against him to recover the same. The principal defense relied upon was that the trust company had been paid through the clearing house. The court held that the trust company had an absolute right to return the check, and payment through the clearing house was not payment of any particular check until the time had expired within which it might be returned.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to serve an amended complaint on payment of the costs in this court and in the court below. All concur.