CREDIT ALLIANCE CORPORATION, Appellant, *v.* SHERIDAN THEATRE Co., INC., Respondent.

First Department, November 14, 1924.

Contracts — quasi contracts — action for money had and received — defendant's president obtained loan in-name of defendant upon forged notes — check received was deposited to defendant's credit by president and withdrawn by him on forged check — president had power to indorse check for deposit — defendant is liable.

The defendant is liable, on the theory of a quasi contract, in this action for money had and received, for the amount loaned to its president in its name by the plaintiff upon forged notes, since it appears that when the loan was made the plaintiff gave the defendant's president a certified check to the order of the

defendant for the amount; that the defendant's president deposited the check to the account of the defendant, which he had the right to do under a resolution of the board of directors of the defendant authorizing him to indorse checks for deposit to the credit of the defendant; and that after the amount was deposited in the defendant's account, its president withdrew the sum on a forged check and deposited the amount in his individual account.

APPEAL by the plaintiff, Credit Alliance Corporation, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of November, 1923, upon the verdict of a jury rendered by direction of the court.

*Louis Lempel* [*James A. Dilkes* of counsel; *Morgan J. O'Brien, Jr.*, and *Henry A. Jones* with him on the brief], for the appellant.

*Henry Brill* [*William Kaufman* with him on the brief], for the respondent.

FINCH, J.:

The action is for money had and received in the sum of $2,250.

It appears that the defendant's president, upon forged notes of the defendant, obtained from the plaintiff a loan of $2,250 upon the false representation that said loan was being secured on behalf of the defendant; that the said president received from plaintiff a certified check to the order of the defendant in the amount of said loan, which check the defendant's president indorsed for deposit and deposited the same in the bank account of the defendant; that the defendant's president then forged a check of the defendant to his own order for a like amount and deposited the same in his own bank, by means of which check there was withdrawn from the defendant's account the sum of $2,250, at which time there would have been insufficient funds in the defendant's account to permit such withdrawal had it not been for the deposit of the aforesaid check received from the plaintiff.

The defendant's president was duly authorized by resolution of its board of directors to indorse for collection or deposit to the credit of defendant's account any and all checks, etc. Upon the deposit of said check to the defendant's account as aforesaid, there was established the relation of debtor and creditor between the bank and the defendant, and that relation continued to exist notwithstanding the subsequent payment of the forged check for a like amount, since the unauthorized withdrawal by means of said forged check cannot be charged against the defendant's account. As was said in the case of *Kearny* v. *Metropolitan Trust Co.* (110 App. Div. 236, 238): " The relation existing between a bank and a depositor is that of debtor and creditor, from which relation there is implied a contract on the part of the bank to disburse

the moneys standing to the depositor's credit only upon his order and in conformity with his directions, and a payment cannot be charged against the depositor's account unless he has actually directed such payment to be made. (*Critten* v. *Chemical National Bank*, 171 N. Y. 219.) " And in *Morgan* v. *U. S. Mortgage & Trust Co.* (208 N. Y. 218) it was said: " The general rule of law is that a bank may pay and charge to its depositor only such sums as are duly authorized by the latter, and of course a forged check is not authority for such payment."

The respondent claims that it could not compel the bank to pay to it the amount in question, because the bank could show in defense that the plaintiff in this action was the true owner thereof. It is clear, however, that a bank is not concerned with the source of funds deposited to the account of a depositor where there is authority to deposit and the aforesaid relation of debtor and creditor arises. We are not dealing here with whether the plaintiff could make a claim against the bank, since the plaintiff could not receive double compensation, and by this action is estopped from making any such claim.

The money fraudulently obtained from the plaintiff having duly found its way into the account of the defendant, there is a quasi contractual obligation arising in equity and good conscience imposed upon the defendant to pay a like amount to the plaintiff.

It follows that the judgment should be reversed, with costs, and judgment directed for the plaintiff for the sum of $2,250, with interest from April 25, 1923, and with costs.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, and judgment directed for the plaintiff for the sum of $2,250, with interest from April 25, 1923, and with costs.