Adel, J.
(concurring). I concur in the opinion by the court; and I am of opinion that there are additional grounds for the result. Under the by-laws of the defendant savings bank, issuance by the defendant of a check drawn upon a bank, with which defendant’s funds are deposited, constitutes final payment to the savings bank depositor and discharges the defendant from any further liability for the amount thereof; and under the facts and circumstances of this case the by-law provision is conclusive as to the $5,000 withdrawn by the plaintiff personally. That by-law must be construed as an express agreement to accept the check itself in full satisfaction. The cited case of Szwento Juozupo Let Draugystes v. Manhattan Sav. Inst. (178 App. Div. 57) is not to the contrary. There the agreement did not provide that issuance of the check was to constitute payment and discharge ; and the withdrawal from the savings account was made upon a forged withdrawal slip. The ordinary rule is that acceptance of a check is not payment of an indebtedness until its proceeds are collected; but the ordinary rule is most frequently stated with the qualifying words, ‘ ‘ in the absence of an agreement.” Here there is no absence of an agreement.
Moreover, the fact that plaintiff held the check for six months, without presenting it for payment or otherwise offering it in negotiation, permits a finding, under the facts and circumstances, of an implied agreement to accept the check itself as payment. (Cf. Federal Land Bank v. Barrow, 189 N. C. 303.)
Nolan, P. J., Johnston and Sneed, JJ., concur in Per Curiam opinion; Carswell, J., concurs in the result; Adel, J., concurs, with separate memorandum.
Appeal from original judgment dismissed, without costs.
Order amending judgment and the amended judgment entered thereon reversed on the law and the facts, with costs, and judgment directed for the defendant, with costs.